United States Equal Employment Opportunity Commission
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
Stephanie Fine-Marino
Trial Attorney
(215) 440-2841
SFM-7913

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | |
| MICROBAC LABORATORIES, INC., ) | **COMPLAINT** |
| ) | **JURY TRIAL DEMAND** |
| ) | |
| Defendant. ) | |
| _____ ) | |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991 and the Age Discrimination in Employment Act to correct unlawful employment practices that discriminate on the basis of race and age and to provide appropriate relief to Connie Lewis, (Black, age 62) who was adversely affected by such practices. As alleged with greater particularity in paragraph 10 below, the Commission alleges that Ms. Lewis, a Laboratory Analyst, was discriminated against based on her age and race, when Defendant Employer failed to promote her to an available Laboratory Director position in or about February 2006, while a less qualified younger white employee was promoted to the Lab Director position. As a result of the failure to promote Ms. Lewis, she was forced to resign, and she suffered severe emotional distress and backpay damages.




## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. "§ 2000e-5(f)(1) and (3)" ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  This action is also authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

3.  The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

4.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f) (1) and (3).

5.  Further, the Commission is also charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

6.  At all relevant times, Defendant, Microbac Laboratories, Inc. ("Microbac"), has

2

continuously been and is now doing business in the State of New Jersey and the City of Turnersville and has continuously had at least fifteen (15) employees.

7. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h) and Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

8. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

9. More than thirty days prior to the institution of this lawsuit, Connie Lewis filed a charge with the Commission alleging violations of Title VII and the ADEA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Since at least 2006, Defendant Employer has engaged in unlawful employment practices at its Turnersville, New Jersey facility in violation of Section 703(a) (1) of Title VII, 42 U.S.C. § 2000e-2(a) (1) and 2000 (e)-3 (a) (1) and Section 7(b) of the ADEA, 29 U.S.C. § 626(b), by subjecting Connie Lewis to disparate treatment because of her race and age, as follows:

(a) Ms. Lewis (black, DOB, 7/11/43) was hired by Defendant on or about December 20, 2002, as a Laboratory Analyst. At all relevant times during her employment, Ms. Lewis performed her

3

duties in a satisfactory manner. On April 25, 2005, Ms. Lewis received a 5% merit salary increase. Vice-President Cherie Casari (white, age 34) noted on the increase form, "excellent performance."

(b) At the time of her hire by Defendant, Ms. Lewis had been a microbiologist since 1975, and a food microbiologist since 1993. In addition, she earned a certificate in Laboratory Technology from the Philadelphia General Hospital School of Medicine and Medical Laboratory Technology, attended Hahnemann University School of Allied Health taking courses in microbiology, and was certified by the State of Pennsylvania as a Laboratory Technologist in 1986. At the time of the promotion, Ms. Lewis had at least twenty-five (25) years of experience as a Microbiologist.

(c) In early 2006, Defendant Employer decided to fill a Laboratory Director position, which had remained vacant since March 2005, at its South Jersey location. When the position was vacant, Ms. Lewis performed many of the duties of the Lab Director position, including completing payroll, dealing with accounts and customers, ensuring that the work was done properly through quality controls and ordering laboratory supplies. However, on or about February 1, 2006, without posting or advertising the available Lab Director position, Defendant announced that it had selected Kimberly Schnargyl (white, age 29), for the Laboratory Director position.

(d) Upon information and belief, Ms. Schnargl was hired by Defendant on or about April 24, 2004, as a Laboratory Analyst, at its Turnersville, New Jersey facility. Upon Ms. Schnargl's hire, Ms. Lewis trained Schnargl, who had no previous experience in food analysis or microbiology, in all aspects and duties of her Laboratory Analyst position.

(e) On or about February 1, 2006, Defendant's Vice-President, Cherie Casari, offered the Lab Director position to Kimberly Schnargyl, who accepted the position. In Defendant's February 2006 issue of its internal newsletter, the "Microbac Journal", Defendant featured a photo of Schnargl, which

4

stated, "she is young and only out of college two years."

(f)  On or about February 2, 2006, upon learning that Defendant Employer had not promoted her to the Lab Director position, that a younger white employee whom she had trained had been offered the position, and that Casari had intended to cut her hours to part-time status, Ms. Lewis could no longer tolerate her working conditions, and was constructively discharged.

(g)  At the time of the promotion decision, the requirements for the Lab Director position were: "A BA or BS degree in chemistry, microbiology, or a related field is *preferred;* the candidate needs to have at least five (5) years of commercial lab experience, with at least two (2) in management." At the time Defendant Employer made the selection, the younger white selectee did not have the requisite experience, while Ms. Lewis was well-qualified.

(h)  At the time of promotion selection, Defendant Employer's Turnersville facility was not certified by the National Environmental Laboratory Accreditation Conference ("NELAC"), as it only performed food testing and analysis, not environmental testing and analysis. However, even if criteria set forth by the NELAC did apply to the Turnersville facility, as to the qualifications needed for selection as Lab Director, the younger white selectee would not be qualified, as she did not have the requisite two years of environmental testing experience as required.

(i)  Upon information and belief, Dawn Collier (white, age 30's), was employed by Defendant previously as the Laboratory Director of the Turnersville facility, and did not have a college degree.

11.  The effect of the practices complained of in paragraph 10 above, and its sub-parts, above has been to deprive Connie Lewis of equal employment opportunities and otherwise adversely affect her status as an employee because of her race and age.

12.  The acts complained of in paragraph 10, and its sub-parts, above were intentional.

5

13. The unlawful employment practices complained of in paragraph 10, and its sub-parts, above were done with malice or with reckless indifference to the federally protected rights of Connie Lewis as a 62-year old African-American employee.

14. The unlawful employment practices complained of in paragraph 10 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disparate treatment and wrongful termination based upon an employee's race and age and any other employment practice which discriminates on the basis of race, or age against individuals forty (40) years of age and older.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals forty (40) years of age and older and for African-American individuals, which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to institute and carry out anti-discrimination and complaint procedures.

D. Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination, including race and age discrimination.

E. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to

actively monitor their work areas to ensure compliance with policies on race and age discrimination; and requiring all managers and supervisors to report any incidents and/or complaints of race and age discrimination of which they become aware to the department charged with handling such complaints.

     F.     Order Defendant Employer to make whole Connie Lewis by providing affirmative relief necessary to eradicate the effects of its unlawful employment practices.

     G.     Order Defendant Employer to make whole Connie Lewis by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to backpay, frontpay, and out-of-pocket losses in amounts to be determined at trial.

     H.     Order Defendant Employer to make whole Connie Lewis by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7, and its sub-parts, above, including pain and suffering, humiliation, embarrassment, and loss of life's pleasures, in amounts to be determined at trial.

     I.     Order Defendant Employer to pay Connie Lewis punitive damages for its malicious and reckless conduct described in paragraph 7, and its sub-parts, above, in amounts to be determined at trial.

     J.     Grant such further relief as the Court deems necessary and proper in the public interest.

     K.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

*/s/ Jacqueline H. McNair*
JACQUELINE H. MCNAIR
Regional Attorney

*/s/ Judith A. O'Boyle*
JUDITH A. O'BOYLE
Supervisory Trial Attorney

*/s/ Stephanie Marino*
STEPHANIE FINE MARINO
Trial Attorney
Stephanie.Marino@eeoc.gov
NJ Bar No. 03193-1995
U.S. EEOC, Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2828 (main)
(215) 440-2848 (fax)

8